I take it under advisory. The court will proceed to the 8th case, Dzik v. Bayer Corporation. Mr. Burke. Your Honor, my client, the plaintiff in this case, was injured by taking a birth control pill manufactured by the defendants. She suffered a damage to the venous thromboembolism to the portal vein to her liver. When she filed suit, she was drawn into a multi-district litigation in the Southern District of Illinois. Thereafter, an order went down, Case Management Order No. 79. Case Management Order No. 79 discussed two main types of injuries. VTE, which is venous thromboembolism, which is what was suffered by my client. And an ATE, which is arterial thromboembolism. Paragraph Roman numeral 2 discusses the VTE. And in that, it talks about the fact that a number of cases have had settlement negotiations. And that there was a procedure, if you wanted to have additional time to conduct settlement negotiations, that you could do that. And then paragraph 4 of the Order No. 79 says, with regard to VTEs, if claims subject to negotiations under this section, Roman numeral 2, have not settled at the conclusion of the negotiation period under section Roman numeral 2.3, those claims will be referred for mediation by Special Master Randy Ellis. And if mediation is unsuccessful, then the case will be subject to discovery and further litigation pursuant to further orders of the court. In paragraph 3, Roman 3, it says other cases. And in those cases, it says these are all cases other than VTE plaintiffs subject to the negotiation provisions of section Roman numeral 2 above. Now, this case had negotiations. But after the period of time elapsed, the defendant filed a motion to dismiss a number of cases, three cases, three pages of styles. Ours was in the middle page. And, of course, we thought that the case would be referred for mediation by the Special Master. In this motion, the defendant says that this case became a section 3 case. Now, the problem was this was filed. Unfortunately, or fortunately, or either one of the two, I was on my 50th wedding anniversary vacation with my wife at the time. And the first notice I had of this, because we were depending upon the fact that it would be referred for mediation, was when an order came in dismissing this case. It came in on the 11th of January. We filed our motion under Rule 60 on the very next day because it caught us by surprise. We never thought that a motion would be filed under Rule 3 when our case was a VTE as opposed to an ATE, and we had been having negotiations. The lower court dismissed it. We think under the rule it was a surprise. Maybe it was due to our inadvertence and excusable neglect not to see that out of three pages of cases. And we didn't file any response to it because we didn't think our case would come under Paragraph 3 because it was a VTE case. And we've asked that the order of dismissal be set aside and be remanded for further orders, either to mediation by the special master or back to Tennessee for trial. We can do either one. I don't, and I've had all the lawyers in my office look at this Order No. 79, and I cannot see how a section Roman numeral 2 case suddenly becomes a section Roman numeral 3 case. Well, Bayer sent its email about section 3 sometime before that it was a section 3 case, and you did not oppose that, did you? I didn't see it, number one. But number two, it is not a section 3 case. No, no, but you didn't oppose that they're designated. I didn't see the motion. Well, yeah, but the fact that you didn't see it didn't make any difference, did it? I mean, if it was mailed to you or office, right? I never saw anything indicating they thought it was. Did somebody take your responsibility while you were on your 50th wedding anniversary? I checked emails, but this came in, as I say, three pages of styles, and I overlooked it. It was in the middle of the second page of styles, and I didn't see that case on their motion. And as soon as I found out that it was dismissed, I filed the motion under Rule 60. You could have filed under 59, could you? Pardon? You could have filed under Rule 59, too, as well. No, we filed under Rule 60. I say you could have. Well, we filed it under Rule 59. Motion to reconsider rather than to vacate. Yes. We filed it to set aside the order of dismissal. Your Honor, even if the defendant says it's a paragraph 3 case, that doesn't make it a paragraph 3 case. I don't think they would contend that this was not a venous thromboembolism case, because that's what it was. And I can't see anything in the case management order that says that if you don't file a notice or you don't object, it becomes a section 3. It says it's a section 2. And even in section 3, it says that it does not apply to VTE plaintiffs subject to the negotiation provisions of section 2 above. And that's why we filed our motion. We think the case should be remanded. Thank you, sir. Mr. Stoffelmayer. Good morning. Casper Stoffelmayer. May it please the court for the defendants and the appellees. I think the starting point for thinking about this case is this is an appeal that comes from two different orders of the district court. They're separate orders. They need to be considered separately. The first order is the order of dismissal, the initial order. And the case was dismissed for only one reason, because there was no response to the motion to dismiss. The district court made no findings, no determinations of any kind about which provision of the CMO might or might not apply, whether they had complied. The sum total of the reasoning for the dismissal order was that there was no response. The relevant CMO expressly said, the court could have done that anyway, but the relevant CMO put people on notice that if you don't respond, that's an automatic dismissal. There is a suggestion made that it was somehow difficult to identify that the motion had been filed because it was a single motion filed in multiple cases, and there is a long caption. But I want to be very clear, the motion was filed in the individual docket for each case. If you look at the short appendix, page 46A shows the ECF notice that says specifically in this case there is a motion for an order to dismiss. So that's where we are on the order on the motion to dismiss. It's not a complicated order, and there's really no error alleged in the decision. Where there is a complaint is on the second order. That's the order denying relief from the judgment under Rule 60. Now the plaintiff has a lot to say about why she thinks the case shouldn't have been dismissed in the first place, why she thinks the district court misunderstood the order. Those are arguments that the district court did address and reject in its Rule 60 order. But even before getting there, there's the problem that a Rule 60 motion is not the place to start making arguments that you could have made but didn't make in response to that initial motion to dismiss. This court's Provident case I think is right on point on that point. Rule 60 isn't the vehicle to revive issues you didn't raise before. What you can do in a Rule 60 motion is try to explain why the grounds actually allowable under Rule 60 would apply. And here the only one that arguably applies is excusable neglect. There are references to a mistake. The district court wasn't mistaken about whether there was a response to the motion to dismiss, and that's the only relevant fact behind the dismissal order. The claim here is for excusable neglect. And this court's case law, the Easley case, the Harrington case, are very clear that inattentiveness to litigation, simply not seeing an email or not reading a caption, that might be neglect, but it's not the excusable kind. And so for that reason, the district court, for that reason alone, the district court was well within its discretion not to grant the Rule 60 motion. Now under Provident, you know, it's not the place here in review of a Rule 60 motion, I think, to get into all these substantive arguments that weren't raised below at the right time anyway, about why dismissal here was actually completely proper under the CMO, why the district court's reading of the case management order is correct. We go through that in our brief, and unless there are questions from the court, we'll rest on our brief as those arguments. All right. Thank you. Mr. Burke? I just want to point out, Your Honor, that the motion to dismiss says that it's being made pursuant to paragraph Roman numeral three. This case did not occur under Roman numeral three. It came under Roman numeral two. And there are other grounds that for under Rule 60, other than mistake or excusable neglect, it's misrepresentation and any other reason that justifies relief. And we think, Your Honor, in this case, all we're asking for is judgment, is justice. And if they say it's a rule or it's a paragraph Roman three case and it's not, the judge is not supposed to look to see exactly what it is. There's no question we didn't respond, but it is not a Roman three case, it's a Roman two case. What kind of activity occurred in the year and a half or two before this dismissal, Mr. Burke? I'm sorry, Your Honor? What kind of activity occurred in this case in the year and a half or two before this dismissal? There was an affidavit shown, both by the plaintiff and the defendant, that negotiations had been taking place between the parties. The defendant's affidavit says, well, they entered a snag and they weren't getting anywhere. But there's no question that negotiations were taking place within 90 days of the time this was dismissed. Because that's the affidavit. It says that for my associate. And there's no reason that this case should not be returned to the court. Thank you, Mr. Burke. Thanks to all counsel. The case is taken under advisement. The court will proceed.